UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
        :
**FELIX A. HAFEN**,        :
        :
        Plaintiff,        :   **MEMORANDUM DECISION AND**
        :   **ORDER**
    – against –        :
        :   22-CV-5345 (AMD) (LGD)
**UNITED STATES CUSTOMS AND BORDER**    :
**PROTECTION**,        :
        :
        Defendant.        :
----------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The *pro se* plaintiff brings claims against United States Customs and Border Protection ("CBP") under the Federal Tort Claims Act ("FTCA"). He alleges that he shipped his car from Brazil to the United States, and that a CBP agent damaged the car during a customs inspection. Before the Court is the defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. As explained below, the defendant's motion to dismiss is granted.

## BACKGROUND

The plaintiff alleges that he restored a car in Brazil and shipped it back to the United States. (ECF No. 2 at 5; ECF No. 16-1 at 4.) The plaintiff contends that a CBP agent damaged the car "during a custom[s] inspection" at the Port of Baltimore in October 2021. (*Id.*)

The plaintiff "filed a Tort claim with the port of Baltimore, MD" against the CBP on February 1, 2022, which was "delivered and signed for on February 4, 2022." (ECF No. 16-1 at 4.) CBP "failed to answer the Tort claim" within six months of service, and the plaintiff brought this lawsuit against CBP on August 25, 2022, in the Southern District of New York. (*Id.*; ECF

No. 2 at 1, 7.)  He seeks $9,868.00 for damage to the car and $402.00 for court filing fees.  (ECF No. 2 at 5, 6.)  The case was transferred to this Court on September 8, 2022.  (ECF No. 4.)

The defendant moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim.  (ECF No. 12-1; ECF No. 15.)[1]  The defendant argues that the CBP is not a proper party under the FTCA, which authorizes suits only against the United States.  (ECF No. 12-1 at 9–10.)  The defendant also argues that tort claims arising from property damaged during a customs detention are barred under 28 § U.S.C. 2680(c)'s exemption to the FTCA, which exempts the United States from liability for claims "arising in respect of the . . . detention of any goods, merchandise, or other property by any officer of customs . . . ."  (*Id.* at 12–14; 28 U.S.C. § 2680(c).)  The defendant also argues that the plaintiff has not alleged sufficient facts for the Court to determine who damaged the car, or when or how it was damaged.  (ECF No. 12-1 at 14–15.)

## LEGAL STANDARD

"Determining the existence of subject matter jurisdiction is a threshold inquiry." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010).  A court must dismiss a claim under Rule 12(b)(1) for lack of subject matter jurisdiction when it "lacks the statutory or constitutional power to adjudicate" the claim.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  Absent a clear and valid waiver of sovereign immunity, the United States and its entities are immune from suit and federal courts lack jurisdiction to hear such claims.  *Id.*

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

---

[1] The defendant raised a third ground in its motion—that the plaintiff failed to exhaust administrative remedies—but withdrew it in the reply.  (ECF No. 15 at 4.)

550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

The standards of review under Rules 12(b)(1) and 12(b)(6) are "substantively identical." *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003). The only substantive difference is that under Rule 12(b)(1), "the party invoking the Court's jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists, whereas" under Rule 12(b)(6), "the movant bears the burden of proof on a motion to dismiss[.]" *Seeman v. U.S. Postal Serv.*, No. 2:11-CV-206, 2012 WL 1999847, at *1 (D. Vt. June 4, 2012) (citation omitted).

Because the plaintiff is *pro se*, the court holds his complaint to "less stringent standards" than a complaint drafted by an attorney. *Johnson v. Darby*, 142 F. Supp. 3d 275, 277 (E.D.N.Y. 2015); *Vargas-Crispin v. Zenk*, 376 F. Supp. 2d 301, 303 (E.D.N.Y. 2005). This Court interprets the "complaint liberally, . . . as raising the strongest arguments it suggests." *Johnson*, 142 F. Supp. 3d at 277. Moreover, "at the pleadings stage . . . the Court must assume the truth of 'all well-pleaded, nonconclusory factual allegations' in the complaint." *Id.* The Court also "may consider factual allegations made by a *pro se* party in his papers opposing" a motion to dismiss, so long as they are consistent with the facts raised in the complaint. *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013); *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018).

However, "a pro se plaintiff is not exempt from compliance with relevant rules of procedural and substantive law," *Vargas-Crispin*, 376 F. Supp. 2d at 303, and a "pro se litigant[]

3

still must establish subject matter jurisdiction," *Harrison v. New York*, 95 F. Supp. 3d 293, 311 (E.D.N.Y. 2015). Furthermore, "[a] pro se plaintiff is nevertheless required to satisfy the same pleading requirements" as complaints filed by attorneys. *Kendall v. Caliber Home Loans, Inc.*, 198 F. Supp. 3d 168, 170 (E.D.N.Y. 2016).

## DISCUSSION

### I. The CBP Cannot Be Sued Under the FTCA

The defendant argues that the complaint must be dismissed because "[t]he FTCA's waiver of sovereign immunity does not authorize suits against federal agencies, such as CBP, and only authorizes suits against the United States." (ECF No. 12-1 at 9.) The plaintiff did not address this point in his opposition, "effectively conced[ing] the argument." *Niles v. New York City Hum. Res. Admin.*, No. 22-CV-6307, 2024 WL 496346, at *4 (E.D.N.Y. Feb. 8, 2024).

Although the FTCA "waives the government's sovereign immunity" for torts committed by its employees, the United States, as sovereign, is entitled to outline "the terms of its consent to be sued [and] define [a] court's jurisdiction to entertain [a] suit." *Makarova*, 201 F.3d at 113. The FTCA defines the limits of the United States' consent to be sued for employee negligence, and this consent does not authorize suits against federal agencies. 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title."). While the CBP is an arm of the state, the FTCA allows actions to be brought only "against the United States rather than an agency thereof." *Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991); *see also Sandoval v. Dep't of Health and Hum. Servs.*, No. 17-CV-3532, 2018 WL 4697277, at *2 (E.D.N.Y. Sept. 30, 2018) ("The FTCA's waiver of sovereign immunity authorizes lawsuits against the United States, but does not authorize lawsuits against

federal agencies."); *Williams v. Metro. Det. Ctr.*, 418 F. Supp. 2d 96, 102 (E.D.N.Y. 2005) (dismissing FTCA claims against defendants other than the United States for lack of subject matter jurisdiction).

The plaintiff's claim against CBP is therefore dismissed for lack of subject matter jurisdiction.[2]

## II. 28 U.S.C. § 2680(c) Bars the Plaintiff's Claim

Even if the plaintiff had named a proper defendant, the suit is barred by 28 U.S.C. § 2680(c), an exception to the FTCA's waiver of sovereign immunity. (ECF. No. 12-1 at 12); *see Kosak v. United States*, 465 U.S. 848, 851–52 (1984); 28 U.S.C. § 2680(a)–(n) (FTCA exceptions).

Under the FTCA, an individual may sue the United States "to the same extent as a private party, 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Kosak*, 465 U.S. at 851–52 (citing 28 U.S.C. § 1346(b)). This provision serves as a "broad waiver of sovereign immunity" for tort claims against the United States. *Id.* at 852. However, "if a situation falls within one of the [13] statutory exceptions, the district courts lack subject matter jurisdiction over the claim." *Formula One Motors, Ltd. v. United States*, 777 F.2d 822, 823 (2d Cir. 1985) (citing *Birnbaum v. United States*, 588 F.2d 319, 322 (2d Cir. 1978)). As relevant here, § 2680(c) exempts "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c).

---

[2] Even if the plaintiff intended to sue a CBP employee by naming "John Doe" in his initial complaint, the Court would still lack subject matter jurisdiction as "only the United States can be sued for claims within [the FTCA's] scope." *Levinson v. U.S. Fed. Bureau of Prisons, Metro. Corr. Ctr. – N.Y.*, 594 F. Supp. 3d 559, 569 (S.D.N.Y. 2022).

The plaintiff argues that his claim is outside the scope of § 2680(c) because the damage arose from the inspection of his car rather than its detention. (ECF No. 16-1 at 4.) But the Supreme Court and the Second Circuit have rejected this narrow reading of § 2680(c). *See Kosak*, 465 U.S. at 854 ("[T]he fairest interpretation of the crucial portion of [§ 2680(c)] is the one that first springs to mind: 'any claim arising in respect of' the detention of goods means any claim 'arising out of' the detention of goods, and includes a claim resulting from negligent handling or storage of detained property."); *Formula One Motors*, 777 F.2d at 824 (holding that § 2680(c) broadly encompasses claims "stemming from negligent storage or handling of the detained property"); *see also Ibrahim v. United States*, 868 F. Supp. 2d 27, 30 (E.D.N.Y. 2012) (holding that an FTCA claim arising out of furniture that was damaged in a detention and search by CBP fell "squarely within § 2680(c)'s jurisdictional exclusion"); *Ford v. United States*, 85 F. Supp. 3d 667, 671 (E.D.N.Y. 2015) (dismissing an FTCA negligence claim for damage to property while in ICE's possession because it fell within 2680(c)'s "detention" exemption).

Therefore, the plaintiff's suit must be dismissed because § 2680(c) strips this Court of subject-matter jurisdiction.

## III. The Plaintiff Does Not State a Claim

The complaint must also be dismissed under Rule 12(b)(6). To establish a negligence claim under Maryland law,[3] a plaintiff must prove "(1) that the defendant was under a duty to

---

[3] The parties do not address which law—Maryland or New York—applies to the plaintiff's FTCA claims. For FTCA claims, "the law of the place where the act or omission occurred" governs the substance of the claim. 28 U.S.C. § 1346 (b)(1); *see also Corley v. United States*, 11 F.4th 79, 85 (2d Cir. 2021) ("The Supreme Court has 'consistently held that [the FTCA's] reference to the "law of the place" means law of the State—the source of substantive liability under the FTCA.'" (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994))); *Lawson v. United States*, 454 F. Supp. 2d 373, 417 (D. Md. 2006) ("[T]he law of the state where the alleged misconduct occurred governs substantive tort liability under the FTCA . . . ."). The "law of the place" provision requires that the court "apply the whole law of the state in which the acts of negligence occurred, including the choice-of-law rules of that state." *Hyatt v. United States*, 968 F. Supp. 96, 106 (E.D.N.Y. 1997). Accordingly, the Court applies Maryland law because that is where the plaintiff alleges the damage to his automobile occurred. *Id.* (applying Illinois

6

protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Jones v. Specialized Loan Servicing, LLC*, No. 22-CV-1987, 2023 WL 1442435, at *7 (D. Md. Feb. 1, 2023).

The plaintiff's complaint and opposition, together, do not include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plaintiff states only that "during a custom inspection, the automobile was damaged," and that a CBP officer conducted the inspection. (ECF No. 16-1 at 4.) He does not allege when or where his car was damaged or describe the damage in any way. The plaintiff maintains that he submitted "pictures of all the damage" with his claims, but he did not submit pictures with the complaint. (*Id.*) Even read liberally, the complaint includes only threadbare, conclusory recitations that are insufficient to overcome the CBP's motion to dismiss. *Kendall*, 198 F. Supp. 3d at 170 ("A *pro se* plaintiff's 'bald assertions and conclusions of law are not adequate to withstand a motion to dismiss.'" (cleaned up)). The plaintiff's suit therefore also merits dismissal pursuant to Rule 12(b)(6) for failure to state a claim.

---

law in New York courts because "the acts or omissions" giving rise to plaintiff's tort claims "clearly occurred in Illinois").

## CONCLUSION

For these reasons, the defendant's motion to dismiss is granted in its entirety. "Because the Court dismisses this action for lack of subject matter jurisdiction, the dismissal is without prejudice." *Evans v. Adams*, No. 22-CV-3882, 2024 WL 306240, at *5 (E.D.N.Y. Jan. 26, 2024).

However, the Court will not grant the plaintiff the opportunity to amend his complaint. *See Harty v. West Point Realty*, 28 F.4th 435, 445 (2d Cir. 2022) ("A dismissal for lack of jurisdiction without leave to amend is not the same thing as a dismissal with prejudice."). Generally, a court should grant a *pro se* plaintiff leave to amend "[i]f a liberal reading of the pleading 'gives any indication that a valid claim might be stated.'" *Briggs v. Women in Need, Inc.*, 819 F. Supp. 2d 119, 125 (E.D.N.Y. 2011) (citations omitted). However, "leave to amend may properly be denied if the amendment would be futile." *Monbo v. Nathan*, 623 F. Supp. 3d 56, 143 (E.D.N.Y. 2022). A complaint is futile when, as a matter of law, any "proposed amendments would fail to cure prior deficiencies." *Id.* Where the deficiencies are substantive rather merely the consequence of "inartful" pleading, repleading would be futile and leave to amend should be denied. *Id.* at 144. "[L]eave to amend is not warranted 'where it is clear from the face of the complaint that the Court lacks subject matter jurisdiction or that a claim cannot be stated as a matter of law.'" *Hardie v. United States*, 501 F. Supp. 3d 152, 162 (E.D.N.Y. 2020) (citations omitted).

An amendment cannot reasonably be expected to cure the defects that require dismissal now, so granting leave at this juncture would be futile. *See Dixon v. Raymat*, No. 22-CV-10910, 2023 WL 2917309, at *5 (S.D.N.Y. Apr. 11, 2023) (denying *pro se* plaintiff leave to amend where plaintiff's claims were barred by judicial immunity and domestic relations abstention doctrine). The plaintiff's complaint warrants dismissal on three independent grounds: lack of

8

subject matter jurisdiction for failing to sue a proper party, lack of subject matter jurisdiction because the alleged negligence is exempt from FTCA liability, and for a failure to state a claim upon which relief can be granted.  These deficiencies are substantive.  Under these circumstances, repleading would be futile, and the complaint is dismissed without leave to amend.

**SO ORDERED.**

                                                  s/Ann M. Donnelly

                                                  ANN M. DONNELLY
                                                  United States District Judge

Dated: Brooklyn, New York
          March 22, 2024